1  Shannon E. Phillips
   M. Quinn Oppenheim
2  Summit Law Group, PLLC
   315 Fifth Avenue South, Suite 1000
3  Seattle, WA  98104-2682
   (206) 676-7000
4
   *Attorneys for Defendant AutoZone Parts, Inc.*
5

6           IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF WASHINGTON
7

8  SUSAN BROWN, individual,

                    Plaintiff,          CASE NO. _____
9
        v.                              NOTICE OF REMOVAL OF ACTION
                                        UNDER DIVERSITY JURISDICTION
10

11 AUTOZONE PARTS, INC., a foreign
   corporation,

12                  Defendant.

13

14 TO:  THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT
        COURT FOR THE EASTERN DISTRICT OF WASHINGTON AT
15      RICHLAND

16      Defendant AutoZone Parts, Inc., by its undersigned attorneys, hereby gives

17 notice that this action is removed from the Walla Walla County Superior Court to

18 the United States District Court for the Eastern District of Washington at Spokane.

19 Pursuant to 28 U.S.C. §1441, Defendant further states as follows:

20

NOTICE OF REMOVAL OF ACTION UNDER DIVERSITY          SUMMIT LAW GROUP, PLLC
JURISDICTION - 1                                     315 FIFTH AVENUE SOUTH, SUITE 1000
CASE NO. _____                                 SEATTLE, WASHINGTON 98104-2682
                                                     Telephone:  (206) 676-7000
                                                     Fax:  (206) 676-7001

1.     **Commencement and Pendency of Action in State Court.**

Plaintiff Susan Brown initially filed this action in the Superior Court of Washington for Walla Walla County on November 10, 2020.  The Superior Court assigned the action Cause No. 20-2-00575-36.  A Summons and copy of the Complaint were received by AutoZone Parts, Inc., on November 25, 2020.  Counsel for the Defendant AutoZone Parts, Inc. filed a Notice of Appearance with the Walla Walla County Superior Court on December 8, 2020.  No further proceedings in this action have occurred in the Superior Court.

2.     **Grounds for Removal.**

This case is a civil action which may be removed to this Court pursuant to 28 U.S.C. § 1332, based upon diversity of citizenship.

a.     **Diversity of citizenship**

This dispute between Plaintiff and Defendant is a controversy between citizens of different states.

Plaintiff Susan Brown represents that she is a resident of Washington State. *See* Complaint, ¶1.1.

Defendant Autozone Parts, Inc. is not a citizen of the State of Washington. Declaration of Nicholas R. Roberts in Support of Removal ("Roberts Decl.") ¶ 2. Defendant Autozone Parts, Inc.is a limited liability company organized under the

NOTICE OF REMOVAL OF ACTION UNDER DIVERSITY JURISDICTION - 2
CASE NO. _____

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

laws of the State of Nevada, which maintains its principal place of business at 123 S. Front St., Memphis, Tennessee 38103. *Id.*

Plaintiff was employed by Autozoners, LLC. *Id.*, ¶ 3. Autozoners, LLC is a subsidiary within the corporate umbrella of AutoZone, Inc. *Id.* Specifically, AutoZone Investment Corporation is the sole member of AutoZoners, LLC. *Id.* AutoZone Investment Corporation is a subsidiary of AutoZone, Inc. *Id.* AutoZoners, LLC is not a citizen of the State of Washington. *Id*. AutoZoners, LLC is a limited liability company organized under the laws of the State of Nevada, which maintains its principal place of business at 123 S. Front St., Memphis, Tennessee 38103. *Id.*

    **b.**  **Amount in controversy exceeds $75,000**

With regard to the amount in controversy requirement, Defendant need only establish by a preponderance of the evidence that Ms. Brown's claims exceed the jurisdictional minimum. *See Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996); *Singer v. State Farm Mutual Auto Ins. Co.,* 116 F.3d 373 (9th Cir. 1997). While Defendant denies the validity and merit of all of Ms. Brown's claims and the demands for monetary and other relief that flow from them (assuming them to be accurate for purposes of this removal only), a reasonable person, reading the complaint would conclude that Ms. Brown is seeking damages in an amount greater than the minimum jurisdictional amount of this Court.

NOTICE OF REMOVAL OF ACTION UNDER DIVERSITY JURISDICTION - 3
CASE NO. _____

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1   Ms. Brown's prayer for relief states that she is seeking an award of damages

2   for: "back pay, front pay, and lost benefits in an amount to be proved at trial,"

3   "emotional harm," and "[a] reasonable sum for attorney fees." Complaint §V.  The

4   Complaint alleges, *inter alia*, that Ms. Brown was subject to sex and disability

5   discrimination, sexual harassment, retaliation, and wrongful constructive discharge

6   in violation of Washington's Law Against Discrimination, RCW 49.60 *et seq.* and

7   public policy.  Complaint §IV.

8   Under Washington's Law Against Discrimination, RCW 49.60 *et seq.*, a

9   plaintiff who establishes a claim for unlawful discrimination is entitled to recover

10  back pay and front pay, as well as attorney's fees.  *See e.g., Martini v. Boeing

11  Co.,* 137 Wn.2d 357, 368 (1999).  In employment discrimination cases, plaintiffs

12  are also entitled to recover for personal injuries for emotional distress, humiliation,

13  and pain and suffering.  *See Ellingson v. Spokane Mortg. Co.,* 19 Wn. App. 48

14  (1978); *Dean v. Municipality of Metropolitan Seattle-Metro,* 104 Wn.2d 627

15  (1985). *Cf. Cagle v. Burns and Roe, Inc.,* 106 Wn.2d 911 (1986) (wrongful

16  termination).

17  Although the Complaint does not specify a dollar amount sought, Ms.

18  Brown's hourly rate of pay as of March 2020, when she alleges she was

19  constructively discharged, was $15.00.  Roberts Decl. ¶ 4; Complaint ¶¶ 3.36-3.38.

20  As she was a full-time employee, her annual salary was approximately $27,300.

NOTICE OF REMOVAL OF ACTION UNDER DIVERSITY
JURISDICTION - 4
CASE NO. _____

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1  Given that a trial date would likely not be set before March 2021, her potential
2  back-pay claim would be at least $27,300. This does not include the value of any
3  benefits. She is also seeking a front-pay award at or above the $27,300 annual rate
4  for additional years into the future.
5        With respect to Ms. Brown's claim for alleged emotional distress due to any
6  proven discrimination, under Washington law a plaintiff may recover damages for
7  emotional distress so long as he or she presents evidence sufficient to support a
8  damages award. *Bunch v. King County Dep't of Youth Servs.,* 155 Wn.2d 165,
9  180, 116 P.3d 381 (2005). The plaintiff must produce "evidence of anguish and
10 distress." *Id.* at 181. The plaintiff need only produce "sufficient evidence to
11 convince an 'unprejudiced, thinking mind' of his anguish." *Id.* Such evidence can
12 be provided by the plaintiff's own testimony; evidence from a health care
13 professional is not required to prove emotional distress. *Id.* Corroboration is
14 helpful, but the jury is the ultimate decision maker. *Id.*
15       In determining whether a Complaint meets the amount in controversy
16 requirement, the Court should also consider potentially available attorney's fees.
17 *See, e.g., Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998);
18 *Goldberg v. C.P.C. Int'l, Inc.,* 678 F.2d 1365, 1367 (9th Cir. 1982). Here,
19 Plaintiff's demand for attorney's fees under Washington's Law Against
20 Discrimination alone would likely meet the amount in controversy threshold. It is

NOTICE OF REMOVAL OF ACTION UNDER DIVERSITY
JURISDICTION - 5
CASE NO. _____

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

1 reasonable to assume that if this case proceeds through trial, attorney's fees of in

2 excess of $75,000.00 will be accrued by the lawyer representing Plaintiff.

3       In light of Ms. Brown's claims for back-pay, front-pay, lost benefits,

4 emotional distress damages, and attorney's fees, it is clear that at least $75,000.00

5 is in controversy with regard to Plaintiff's claims.

6       This Court, therefore, has original subject matter jurisdiction over this civil

7 action pursuant to 28 U.S.C. § 1332(a)(1) in that the amount in controversy

8 exceeds the sum or value of $75,000, exclusive of interest and costs, and it is

9 between citizens of different states.

10       **3.**      **Venue.**

11       This Court is the district court of the United States for the district and

12 division embracing the place where the state court action is pending and is

13 therefore the appropriate court of removal pursuant to 28 U.S.C. § 1441(a).

14       **4.**      **Timely Removal.**

15       This Notice of Removal is filed with the Court within thirty (30) days after

16 AutoZone Parts, Inc. received copies of the Summons and Complaint through

17 service or otherwise.  28 U.S.C. § 1446(b).

18       **5.**      **State Court Records.**

19       Copies of all process, pleadings, and orders, including the Complaint, served

20 on AutoZone Parts, Inc. and found in the files of the Superior Court of the State of

NOTICE OF REMOVAL OF ACTION UNDER DIVERSITY
JURISDICTION - 6
CASE NO. _____

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1  Washington for Walla Walla County in this matter are attached to the Certification
2  of State Court Records filed with this Notice of Removal.
3      DATED this 15th day of December, 2020.

    Respectfully Submitted,

    SUMMIT LAW GROUP, PLLC
    Attorneys for AutoZone Parts, Inc.

    By /s/*Shannon E. Phillips*
    Shannon E. Phillips, WSBA #25631
    *shannonp@summitlaw.com*

    By /s/*M. Quinn Oppenheim*
    M. Quinn Oppenheim, WSBA #45094
    *quinno@summitlaw.com*

NOTICE OF REMOVAL OF ACTION UNDER DIVERSITY
JURISDICTION - 7
CASE NO. _____

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

# CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Eric J. Harrison
> Attorney for Plaintiff
> 5400 California Ave., SW, Ste. E
> Seattle, WA 98136

DATED this 15th day of December, 2020.

>   *s/ Kimberly Welsh*
>   Kimberly Welsh, Legal Assistant
>   *kimw@summitlaw.com*

NOTICE OF REMOVAL OF ACTION UNDER DIVERSITY JURISDICTION - 8
CASE NO. _____

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001