FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 05, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SUSAN BROWN, an individual,<br><br>                Plaintiff,<br><br>   v.<br><br>AUTOZONE PARTS, INC., a foreign corporation,<br><br>                Defendant. | NO: 4:20-CV-5243-RMP<br><br>PROTECTIVE ORDER |

BEFORE THE COURT is a motion for entry of a stipulated, qualified protective order, ECF No. 30, by Plaintiff Susan Brown and Defendant Autozone Parts, Inc. A district court may issue protective orders regarding discovery upon a showing of good cause. Fed. R. Civ. P. 26(c). Before issuing a stipulated protective order, a district court judge should ensure that the protective order's restrictions do not infringe on the public's general right to inspect and copy judicial records and documents. *See Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *see also Courthouse News Serv. v. Planet*, 947 F.3d

PROTECTIVE ORDER ~ 1

581, 589 (9th Cir. 2020) (recognizing a long-held First Amendment right of access to court proceedings and documents).

Having reviewed the protective order and the remaining record, the Court finds good cause to grant the stipulated motion and enter the agreed-upon protective order. Accordingly, **IT IS HEREBY ORDERED** that the parties' motion for entry of a stipulated protective order, **ECF No. 9**, is **GRANTED**. The protective order in effect is set forth below.

## PROTECTIVE ORDER

The parties hereby stipulate and agree to entry of the following Stipulated Protective Order ("Order"), pursuant to Fed. R. Civ. P. 26(c). The parties acknowledge that certain documents or information, including but not limited to employment, personnel, health, financial, and private information about plaintiff and third parties that are regarded as confidential will be produced by one or more parties or third parties during the discovery phase of this litigation. Accordingly, the parties hereto, by and through their undersigned counsel of record, respectfully request the Court to enter and stipulate to the subjoined Protective Order, pursuant to Fed. R. Civ. P. 26(c).

1. This Order shall be applicable to and govern all depositions, documents, information, or things produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, and all other discovery taken under the Federal Rules of Civil Procedure and the Local

PROTECTIVE ORDER ~ 2

Rules for the Eastern District of Washington, and other information which the producing party designates as "CONFIDENTIAL," hereinafter furnished, directly or indirectly, by or on behalf of any party or any non-party in connection with this action.

2. The following information may be designated as "CONFIDENTIAL": employment, personnel, health, financial, and private information about plaintiff, current and former employees of defendant, or third parties, that is not publicly available.

3. Parties shall designate records as confidential information by labeling them as "CONFIDENTIAL" prior to production. Deposition or other pretrial or trial testimony meeting the criteria specified in paragraph 2 above may be designated "CONFIDENTIAL" by a statement on the record by counsel during such deposition or other pretrial or trial proceeding that the entire transcript or a portion thereof shall be designated as "CONFIDENTIAL." Only those portions or excerpts of a deposition consisting of confidential material shall be designated as "CONFIDENTIAL." Deposition or other pretrial testimony meeting the criteria specified in paragraph 2 above also may be designated as "CONFIDENTIAL" by stamping a "CONFIDENTIAL" legend on the transcript of such testimony and service copies on the other parties within thirty (30) days after the transcript is received by the designating party, regardless of whether any confidentiality designation was made on the record at the time the testimony was given.

PROTECTIVE ORDER ~ 3

4. A designation by a party of CONFIDENTIAL information shall be made in good faith.

5. A party shall not be obligated to challenge the propriety of a CONFIDENTIAL designation at the time made, and failure to do so shall not preclude subsequent challenge thereto. Failure to challenge the propriety of any CONFIDENTIAL designation shall not constitute an admission as to the propriety of that designation.

6. Counsel for such parties shall make a good faith effort to confer to resolve by agreement any differences as to the use or designation of information as CONFIDENTIAL INFORMATION prior to bringing the issue to the Court.

7. All documents and testimony designated as CONFIDENTIAL, and all information derived solely therefrom, if not available in any other source, shall be used solely for the purpose of preparing and litigating claims in this lawsuit and shall not be disclosed, published in any medium by any party, or disseminated except as provided for in Paragraph 8 below. Any use of documents and testimony designated as CONFIDENTIAL, and all information derived solely therefrom, that is inconsistent with the Order shall be a breach of its terms.

8. Except as may be otherwise agreed by the parties, or ordered by the Court, disclosure of documents and testimony designated as CONFIDENTIAL, and all information derived therefrom, shall be limited to:

    (a) A party, or an employee of a party;

PROTECTIVE ORDER ~ 4

    (b) Counsel for a party, or an employee of counsel for a party to whom it is necessary that the information be shown for purposes of preparing or litigating the Lawsuit, such as any paralegal assistants, or other support staff assisting counsel in the preparation of the Lawsuit;

    (c) An expert, consultant, or third party consulted or retained by a party or such party's counsel to assist in preparing or litigating the Lawsuit;

    (d) The Court and any Court staff;

    (e) A court reporter at deposition, hearing, or trial;

    (f) A witness, as well as the witness' counsel, if any, in the Lawsuit, at the deposition of such witness, or during the witness's trial testimony, or in preparation for their testimony and/or deposition, if the witness is an author or is copied on the document;

    (g) A third-party neutral retained by the parties to assist in resolution of the Lawsuit.

  9. Nothing in this Order shall preclude any party from using CONFIDENTIAL information during hearings, court proceedings, and/or motion practice if the party reasonably believes the CONFIDENTIAL material is necessary for the hearing, court proceeding, and/or motion practice.  In the event that a party intends to enter any CONFIDENTIAL information of another into evidence, other than at trial, the disclosing party shall either: (a) provide the other party's counsel with the best practical notice of its intent to file such CONFIDENTIAL information

PROTECTIVE ORDER ~ 5

1 and will provide reasonable opportunity for the other party to obtain an order
2 requiring that such CONFIDENTIAL information be filed under seal pursuant to
3 any applicable General Rules and/or Local Rules of the Court; or (b) file a
4 stipulation and proposed order to seal or motion to seal the CONFIDENTIAL
5 information pursuant to any applicable General Rules and/or Local Rules of the
6 Court.  The stipulation or motion can either be filed before or concurrent with the
7 document filed under seal.  Where reasonably practical, only those portions of
8 documents or pleadings consisting of CONFIDENTIAL information shall be filed
9 or lodged under seal.

10. It shall be a violation of this Order for any party to this case, or his or her counsel, to disclose CONFIDENTIAL information except as set forth in this Order.  Any summary exhibits derived from CONFIDENTIAL information that is not available from any other source shall also be governed by the terms of this Order.  Notwithstanding the preceding, nothing in this Order shall in any way limit or preclude either party from using any of the CONFIDENTIAL information that it has created or maintained for any of the business purposes for which it was created or maintained.

11. Nothing in this Order shall bar, or otherwise restrict, any attorney in this matter from rendering advice to his or her client with respect to this litigation or doing anything reasonably necessary to prosecute or defend this litigation.

PROTECTIVE ORDER ~ 6

12. Nothing in this Order shall be construed to prohibit a party from seeking an order compelling the production of CONFIDENTIAL information.

13. Nothing in this Order shall preclude a party from pursuing a protective order or moving to seal any portion of the Court file at any time if such action is deemed necessary by either party in either party's sole discretion.

14. This Order shall remain in force and effect until further order of this Court.

15. Insofar as the provisions of this Order restrict the use of CONFIDENTIAL information, this Order shall continue to be binding after the conclusion of this litigation.

16. When this action, including entry of judgment or appeal, concludes and within thirty (30) days after the litigation has been finally terminated, a producing party may request the return or destruction of all CONFIDENTIAL material produced in this litigation, except those filed with the Court or agreed by the parties to be retained for purposes of effectuating any judgment or any documents that counsel for either party chooses to maintain as part of the client file for up to six years as required by the Rules of Professional Conduct. After the termination of this action, this Order shall continue to be binding upon the parties hereto, and all persons to whom CONFIDENTIAL material has been disclosed or communicated.

PROTECTIVE ORDER ~ 7

17. Any modification of this Order must be approved and signed by the Court.  Nothing in this Order shall prohibit any party from seeking to modify any provision of this Order upon good cause shown.  The Court may modify this Order on its own motion after notice to the parties and an opportunity to be heard.

18. This Order is without prejudice to any party's right to demand or oppose discovery on any grounds permitted by the Federal Rules of Civil Procedure and is without prejudice to any other party's right to contest any such assertions.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** February 5, 2021.

                        *s/ Rosanna Malouf Peterson*
                     ROSANNA MALOUF PETERSON
                        United States District Judge